UNITED STATES, Appellee,

v.

Private First Class Joseph L. ZACHARY, SSN 083–44–5677, United States Army, Appellant.

SPCM 14693.

U. S. Army Court of Military Review.

24 Nov. 1980.

Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel John F. Lymburner, JAGC, Major Carlos A. Vallecillo, JAGC, and Captain Courtney B. Wheeler, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, Major Robert B. Williams, JAGC, and Captain Lawrence W. Fitting, JAGC, were on the pleadings for appellee.

Before MITCHELL, DRIBBEN and WATKINS, JJ.

## OPINION OF THE COURT

PER CURIAM:

The determinative issue in this case is whether the border search exception to the Fourth Amendment, set forth by the Court in United States v. Rivera, 4 M.J. 215 (CMA 1978), applies to searches of persons leaving an overseas American military installation. We hold that it does and affirm.

Appellant, stationed at Camp Stanley, Korea, had his travel bag searched, over his objections, when he attempted to leave the installation through the rear gate.[1] The search of the bag revealed several en-

---

1. The standard gate procedure provided that all individuals except for senior grade personnel (above E–9 and above major) had their possessions inspected upon entry and exit.

velopes containing 493 grams of marihuana. He was subsequently convicted by a military judge sitting as a special court-martial of possession of marihuana in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976).[2] He was sentenced to a bad-conduct discharge, forfeiture of $250.00 per month for two months, confinement at hard labor for 45 days, and reduction to the grade of E–1. The convening authority approved the sentence.

In *Rivera*, supra, the Court compared the entrance onto an overseas American military installation with an international border and adopted the exception enunciated in *Boyd v. United States*, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886).

The federal courts have not limited the border search exception to incoming persons. In *United States v. Swarovski*, 592 F.2d 131 (2d Cir. 1979) and *United States v. Stanley*, 545 F.2d 661 (9th Cir. 1976), *cert. denied* 436 U.S. 917, 98 S.Ct. 2261, 56 L.Ed.2d 757 (1978), the courts held that the border search exception applies to persons leaving the United States. In *Stanley, supra*, at 667, the Court reasoned that incoming and outgoing border-crossing searches have several features in common:

(1) the government is interested in protecting some interest of United States citizens, such as restriction of illicit international drug trade, (2) there is a likelihood of smuggling attempts at the border, (3) there is difficulty in detecting drug smuggling, (4) the individual is on notice that his privacy may be invaded when he crosses the border, and (5) he will be searched only because of his membership in a morally neutral class,

This reasoning is applicable here.

The analogy having been drawn in *Rivera, supra*, it is logical to extend its holding to persons exiting an overseas American military installation and we so hold.

Appellant's contention that the search was invalid because the searching authority failed to comply with various regulatory provisions is without merit.[3] Assuming, arguendo, the applicability of these regulations, their violation does not result in the invocation of the exclusionary rule since there is no Constitutional provision or statute which prevents a "border search" of persons exiting from the United States, or, as in the case here, from an overseas American military installation. *United States v. Holsworth*, 7 M.J. 184 (CMA 1979).

The findings of guilty and sentence are affirmed.

---

2. He was also convicted of absence without authority, breach of restriction, and executing a false official document in violation of Articles 86, 134, and 107, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 934, and 907 (1976), respectively.

3. Paragraph 2–23a, Army Regulation 210–10, Installations: Administration (12 September 1977); and paragraph 2–3, Army Regulation 190–22, Military Police: Search, Seizure and Disposition of Property (12 June 1970).